William J. Becker, Jr., Esq. (California State Bar No. 134545)
**THE BECKER LAW FIRM**
11500 Olympic, Blvd., Suite 400
Los Angeles, California 90064
Tel: (310) 636-1018; Fax: (310) 765-6328
bbeckerlaw@gmail.com
*Affiliate attorney of The Rutherford Institute and the Thomas More Law Center*

Robert J. Muise, Esq.* (Michigan State Bar No. P62849)
**THOMAS MORE LAW CENTER**
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, Michigan 48106
Tel: (734) 827-2001; Fax: (734) 930-7160
rmuise@thomasmore.org
* Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN DARIANO** and **DIANNA DARIANO**, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> **MORGAN HILL UNIFIED SCHOOL DISTRICT**, *et al*., <br><br> Defendants. | Case No.: CV10-02745 JW <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' OPENING BRIEF RE: ENTITLEMENT TO A JURY TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

### I.    INTRODUCTION

Defendants seek a jury trial on the question of liability (*i.e.*, whether Defendants violated Plaintiffs' constitutional rights by ordering them to conceal their American flag apparel during a school-sanctioned Cinco de Mayo celebration) and damages (in this case, nominal damages).  The parties agree that the applicable test for determining the right to a trial by jury – at least in part – turns on whether the issues to be tried are legal or equitable in nature based upon the relief sought.  (*See, e.g.,* Pls.' Br. at 3:11-12, 3:24-4:1; Defs.' Br. at 2:26-27.)

1   The parties diverge on the question of whether nominal damages are legal or equitable

2   in nature.  But because the Seventh Amendment specifically forecloses the right to a jury where

3   the value in controversy is less than $20, Plaintiffs contend that a jury trial is not required here

4   regardless of the nature of nominal damages, because the amount of damages recoverable is

5   only $1.00.

6   Moreover, nominal damages represent just what their name implies – they are

7   "nominal," representing a symbolic vindication of constitutional rights, and are not legal in the

8   sense of being compensatory (nor could they be compensatory in the ordinary meaning of the

9   word where no actual damages are alleged).  Defendants find support for their position that

10  nominal damages are compensatory in nature in *dicta* from three cases, none of which involves

11  constitutional claims under 42 U.S.C. § 1983 or sets forth any plausible explanation for

12  deeming nominal damages legal and compensatory in this case.

13  As discussed in Plaintiffs' opening brief and below, nominal damages (1) are not

14  compensatory, but are awarded to vindicate rights, the infringement of which has not caused

15  actual, provable injury; (2) are purely symbolic; (3) do not exceed the Seventh Amendment's

16  $20 threshold; and (4) are mandatory when a plaintiff proves the violation of a constitutional

17  right even if zero actual damages are awarded.

18  Defendants additionally contend that "for purposes of determining federal jurisdiction,"

19  where an underlying statute authorizes an award of attorneys' fees, such fees *may be* included

20  in the "amount in controversy."  (Defs.' Brief, 4:15-25.)  No doubt this is so.  However,

21  Defendants' fee argument is misplaced.  The issue before the court is not whether the "amount

22  in controversy" confers jurisdiction on it, but whether the Seventh Amendment's "value in

23  controversy" properly includes attorneys' fees.  As argued in Plaintiffs' opening brief, an award

24

1  of attorneys' fees is a decision for the judge, not the jury, and 42 U.S.C. §1988 authorizes an

2  award of fees as part of the awardable *costs*, not as *damages*.

3         Finally, for good measure, Defendants propose that a "catch-all" prayer for "such other

4  and further relief as the Court should find just and proper" leaves open the possibility of an

5  award of "emotional distress or punitive damages" and therefore should be counted as "legal

6  relief" establishing a jury right.   Defendants' failure to cite any legal authority or logical

7  rationale for this position suggests that it should be summarily rejected.   Indeed, so as to

8  remove all doubt, Plaintiffs can represent to this court that they are <u>not</u> seeking an award of

9  emotional distress or punitive damages—as any fair reading of their complaint would

10  demonstrate.

## II.   ARGUMENT

### A. <u>Nominal Damages Are Not Compensatory For Purposes Of The Seventh Amendment</u>.

       Defendants erroneously argue that nominal damages are a compensatory, legal remedy sufficient to entitle them to a jury trial.   Defendants base their argument on three decisions, none of which examines the nature of nominal damages within a Seventh Amendment analytical framework.   In *Griffith v. Colorado, Div. of Youth Servs.*, 17 F.3d 1323 (10th Cir. 1994), the chief case cited by Defendants, the court limited its analysis to whether damages of any type were an available remedy under Title VII, 42 U.S.C.A. § 2000e *et seq.*, for purposes of awarding prevailing party attorneys' fees.   Citing *Griffith* and other Title VII decisions, the Ninth Circuit sought to determine whether nominal damages in a property seizure case were equitable or legal for purposes of awarding prevailing party attorneys' fees.   *See United States v. Marolf*, 173 F.3d 1213 (9th Cir. 1999).   The court in *dicta* provisionally observed that "[n]ormally nominal damages are a legal, not an equitable, remedy," *id.* at 1219 (emphasis

added), while also noting that other cases have held otherwise, *see id.* (citing *United States v. Martinson*, 809 F.2d 1364, 1367-69 (9th Cir.1987)).   These decisions are concerned with preventing windfalls to litigants asserting claims for nominal damages as a hedge against a failure to prove actual damages by attempting to recover attorneys' fees *in lieu of* a compensatory award of monetary relief.  *See, e.g., Griffith*, 17 F.3d at 1329 ("When a plaintiff recovers only nominal damages *because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all.*  In an apparent failure to heed our admonition that fee awards under § 1988 were never intended to produce windfalls to attorneys. ") (emphasis in the first instance added, citations and internal punctuation omitted).

Defendants have made no attempt to analyze the reasoning of the cases they cite, which do not analyze the character of nominal damages for purposes of the Seventh Amendment.  Nor do the cases cited by Defendants indicate  how nominal damages compensate an aggrieved litigant for actual harm based on a provable injury.

As Plaintiffs argued in their opening brief, the Ninth Circuit treats nominal damages as non-compensatory, and hence, not a legal remedy.  *Cummings v. Connell*, 402 F.3d 936, 942 (9th Cir. 2005) ("Damages are commonly understood to compensate a party for loss or harm sustained.  Nominal damages, however, serve a separate function.  *As distinguished from punitive and compensatory damages*, nominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury.") (emphasis added).  Under the Seventh Amendment's "value in controversy" limitation, any amount under $20 is properly characterized as nominal, and any successful action brought under § 1983 automatically entitles a plaintiff to judgment.  *See Floyd v. Laws*, 929 F.2d 1390, 1402 (9th Cir. 1991) ("If the jury finds a constitutional violation, an award of nominal damages is mandatory, not permissive.

1    That a jury might choose to award zero actual damages is irrelevant to the legal question of

2    whether, on the basis of the jury's verdict, the plaintiff was entitled to judgment and nominal

3    damages.").

4           Taking Defendants' argument to its logical conclusion, a jury trial is mandatory in all §

5    1983 civil rights cases because virtually every successful plaintiff in such cases is entitled, at

6    minimum, to nominal damages.  However, at least two courts have recognized that the Seventh

7    Amendment does not provide for a jury right in cases of nominal damages.  In *Van Wie v.*

8    *Pataki*, 267 F.3d 109 (2d Cir. 2001), the court wrote in a footnote that "in nominal damages

9    cases, when such damage requests are below twenty dollars, no right to a jury trial exists,"

10   citing the Seventh Amendment.  *Id*. at 115, n. 4.  Finding no other authority, a federal district

11   court agreed with *Van Wie*, ruling that a plaintiff who could recover only nominal damages of

12   $1.00 was not entitled to a jury trial.  *Wigg v. Sioux Falls Sch. Dist*. 49-5, 274 F. Supp. 2d

13   1084, 1094 (D.S.D. 2003), *aff'd in part, rev'd in part*, 382 F.3d 807 (8th Cir. 2004).[1]

14          None of the cases cited by Defendants makes a persuasive case for characterizing

15   nominal damages in a § 1983 action as a legal remedy entitling a party to a jury trial.  Under

16   *Cummings*, nominal damages are not deemed compensatory in a § 1983 action.

17          **B.      A Jury Has No Role In Awarding Attorneys' Fees.**

18          The statute authorizing the recovery of attorneys' fees in this case, 42 U.S.C. § 1988(b),

19   provides that in any action brought to enforce 42 U.S.C. § 1983 "the court, in its discretion may

20

---

21   [1] In *Wigg*, the court distinguished between nominal and compensatory damages, framing its
22   analysis initially on whether the plaintiff was entitled to a jury trial based on a claim of
     compensatory damages.  Finding no compensatory damages, it turned to whether the plaintiff
     was entitled to a jury trial based upon nominal damages.  Plaintiff had argued to the trial court
23   that the "potential for nominal damages entitles a party to a jury trial as a matter of law."  274
     F. Supp. 2d at 1093.  However, she failed to cite any authority on point and the only authority
24   directly on point led the court to the opposite conclusion.  *Id*.

allow the prevailing party, other than the United States, a reasonable attorney's fee *as part of the costs*." (emphasis added.)  *See also Griffith*, *supra*, 17 F.3d at 1328; *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983) (explaining the factors that district courts should take into account in determining reasonable fees).  Nothing in the statute provides that attorneys' fees are to be treated as "damages."  Indeed, "[t]he award of attorneys' fees is a matter of law for the judge, not the jury."  *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991).  "The jury's role is to determine liability and the amount of damages.  These determinations are distinct from the awarding of fees." *Id*.

Defendants erroneously rely upon authority analyzing what constitutes the "amount in controversy" for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Defs.' Br. at 4:15-25).  However, the Seventh Amendment's *value* in controversy requirement should not be confused with the *amount* in controversy standard for determining diversity jurisdiction.  Indeed, they are wholly separate and distinct concepts.  Defendants appear to suggest that because attorneys' fees may be calculated as part of the total amount in controversy to establish diversity, they should be treated as part of the value in controversy for purposes of the Seventh Amendment.  But they cite no authority for the proposition that costs generally, and attorneys' fees in particular, are considered when determining the "value in controversy" for Seventh Amendment purposes.  Indeed, costs "shall be allowed as of course to the prevailing party," Fed. R. Civ. P. 54(d)(1), so it is difficult to conceive of any case where the right of a jury trial would not attach under Defendants' argument.  That argument once

1   again leads ineluctably to the perverse conclusion that every § 1983 case requires a jury, here

2   because costs and attorneys' fees would always exceed $20.[2]

3         As the Ninth Circuit explained in *Brooks*, a jury takes part neither in determining

4   whether a successful plaintiff in a civil rights case is entitled to recover attorneys' fees nor in

5   determining the amount of such an award.  Indeed, when damages are nominal, the risk that a

6   jury might believe that the "harm" does not justify the payment of a large fee award is great.

7   *Brooks*,  938 F.2d at 1051.  Thus, the court reasoned that a jury would be adversely influenced

8   by the prospect of an award of attorneys' fees so as to decide the case on liability differently

9   than it otherwise might have.  Such attention to a fee award would inhibit the prosecution of

10  civil rights cases and undermine Congress' purpose in authorizing an award of fees.  "Allowing

11  for the recovery of attorneys' fees helps to eliminate the financial barriers to the vindication of

12  constitutional rights . . . [and] acts to stimulate voluntary compliance with the law." *Id*.  "The

13  jury, however, may be unaware of the policy considerations that drove Congress to favor the

14  award of attorneys' fees to prevailing plaintiffs under § 1988." *Id*.

15                          **III.   CONCLUSION**

16        Defendants would eviscerate the Seventh Amendment's specific limitation on the right

17  to a jury trial to cases in which damages exceed $20.  Under their peculiar logic, *every* civil

18  rights case would be required to be tried before a jury since virtually every successful civil

19  rights plaintiff is entitled to an award of nominal damages to vindicate constitutional rights.  At

20  a minimum, a successful plaintiff is entitled to an award of attorneys' fees and costs.  Had

21  Congress so wanted, it could have specifically included language in the Civil Rights Act

22

23  [2] Citing no authority, Defendants nevertheless make a similar argument with respect to the
    "catch-all" prayer for such other and further relief as the court deems necessary. Accordingly,
    on the basis of the reasoning presented here, the Court may dispense with Defendants' "catch-
24  all" prayer argument.

1   requiring a jury in every case, but it chose not to do so.  Consequently, it is not this court's

2   prerogative to legislate such a requirement, especially where the courts have nowhere

3   developed such a right.  Nor should the Court be tempted to make new law in this instance

4   under the fragile reasoning offered by Defendants.

5   Respectfully submitted,

6   Dated: August 22, 2011              William J. Becker, Jr., **THE BECKER LAW FIRM**
                                        Robert J. Muise, **THOMAS MORE LAW CENTER**

                                By:   _____/s/_____
8                                       William J. Becker, Jr., Esq.
9                                       Counsel for Plaintiffs JOHN DARIANO, DIANNA
                                        DARIANO, M. D., KURT FAGERSTROM, JULIE ANN
                                        FAGERSTROM, D.M., KENDALL JONES, JOY
10                                      JONES, and D.G.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2011, I electronically filed the following document with the Clerk of Court by using the CM/ECF system and e-mailed to the Clerk of the Court a chambers courtesy copy of same:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OPENING BRIEF RE: ENTITLEMENT TO A JURY TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

I further certify that I served via transmission of Notice of Electronic Filing generated by CM/ECF to all active CM/ECF participants.

> MARK S. POSARD (SBN 208790)
> mposard@gordonrees.com
> ALYSON S. CABRERA (SBN 222717)
> acabrera@gordonrees.com
> GORDON & REES LLP
> 275 Battery Street, Suite 2000
> San Francisco, CA 94 111
> Telephone: (415) 986-5900
> Facsimile: ( 415) 986-8054
> (Attorneys for Defendants)

DATED: August 22, 2011                THE BECKER LAW FIRM


By: s/William J. Becker, Jr.
William J. Becker, Jr. (SBN 134545)